AO 451 (Rev.12/93) Certification of Judgment

# UNITED STATES DISTRICT COURT

__EASTERN__ DISTRICT OF __VIRGINIA__

NATIONAL STABILIZATION AGREEMENT
OF THE SHEET METAL INDUSTRY
TRUST FUND, et al.
V.
BB SIGN CO., INC. a/k/a BB SIGN CO.,
INC. d/b/a DIVISION 10 SPECIALTIES
INC., a/k/a DIVISION 10 SPECIALTIES,
et al.

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

Case Number:   CA-03-253-A

I, __Elizabeth H. Paret__, Clerk of the United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on __October 15, 2003__, Date

as it appears in the records of this court, and that

\*   no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court on

January 8, 2004
Date

Elizabeth H. Paret
Clerk

_(signature)_
(By) Deputy Clerk

---

\*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

NATIONAL STABILIZATION AGREEMENT
OF SHEET METAL INDUSTRY
TRUST FUND, et al.

:
:
:
:   CIVIL ACTION NO. 03-253-A (JCC)

              Plaintiffs

v.

BB SIGN CO., INC.
a/k/a B B SIGN CO., INC.
d/b/a DIVISION 10 SPECIALTIES, INC.
a/k/a DIVISION 10 SPECIALTIES, et al.

              Defendants

OCT 1 5 2003

## DEFAULT JUDGMENT AND ORDER

Upon consideration of Motion for Default Judgment submitted by Plaintiffs, the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI Trust Fund"), Sheet Metal Workers' National Pension Fund ("NPF", International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") (f/k/a National Training Fund for the Sheet Metal and Air Conditioning Industry) Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF"), National Energy Management Institute Committee ("NEMI") and Sheet Metal Occupational Health Institute Trust Fund ("SMOHI") (NPF, ITI, SMWISF, NEMI and SMOHI are jointly referred to as "National Funds" and together with SASMI as "Funds"), the Magistrate Judge's Report and Recommendation and the absence of exceptions thereto, and the entire record in this case, it appearing to the Court that Defendants, BB Sign Co., Inc. a/k/a B B Sign Co., Inc. d/b/a Division 10 Specialties, Inc. a/k/a Division 10 Specialties ("BB Sign") and W. Edwin Raws, individually and d/b/a Division 10 Specialties, Inc. a/k/a Division 10 Specialties ("Individual Defendant" and together with BB Sign "Defendants") have failed to plead or otherwise

113228-4



defend in this action, that a default has been entered, and that there is no just reason for delay, it is ORDERED by the Court, this ____ day of _____, 2003:

1. The Court adopts the Magistrate Judge's Report and Recommendation and grants the Funds' Motion for Default Judgment.

2. Individual Defendant and BB Sign are each employers under ERISA, 29 U.S.C. §100215 (5), (11) and (12).

3. Individual Defendant is the alter ego of BB Sign.

4. Judgment by default is entered in favor of the SASMI against Defendants, jointly and severally, in the amount of $32,559.79, comprised of:

(a) $22,721.60 in delinquent monthly contributions estimated for the period July 2000 through April 2003;

(b) $4,478.88 in liquidated damages for untimely monthly contributions due for the period July 2000 through April 2003;

(c) $2,138.60 in interest accrued through June 15, 2003;

(d) $2,576.61 in attorneys' fees incurred through June 10, 2003; and

(e) $644.10 in attorneys' costs incurred through June 10, 2003.

5. Judgment by default is entered in favor of the National Funds against BB Sign in the amount of $122,685.66; comprised of:

(a) for the NPF, the amount of $118,356.00 comprised of:

(i) $87,142.80 in delinquent monthly contributions estimated for the period July 2000 through April 2003;

   (ii) $13,784.64 in interest accrued through June 15, 2003 on monthly contributions estimated to be owed for the period July 2000 through April 2003;

   (iii) $17,428.56 in liquidated damages for the period July 2000 through April 2003;

 (b) for the ITI, the amount of $2,893.46 comprised of:

   (i) $2,128.80 in delinquent monthly contributions estimated for the period July 2000 through April 2003;

   (ii) $338.90 in interest accrued through June 15, 2003 on monthly contributions estimated to be owed for the period July 2000 through April 2003;

   (iii) $425.76 in liquidated damages for the period July 2000 through April 2003;

 (c) for the SMOHI, the amount of $511.86 comprised of:

   (i) $374.40 in delinquent monthly contributions estimated for the period July 2000 through April 2003;

   (ii) $62.58 in interest accrued through June 15, 2003 on monthly contributions estimated to be owed for the period July 2000 through April 2003;

   (iii) $74.88 in liquidated damages for the period July 2000 through April 2003;

 (d) for the SMWIASF, the amount of $156.61 comprised of::

   (i) $120.00 in delinquent monthly contributions estimated for the period August 2001 through April 2003;

        (ii)    $12.61 in interest accrued through June 15, 2003 on monthly contributions estimated to be owed for the period July 2000 through April 2003;

        (iii)    $24.00 in liquidated damages for the period July 2000 through April 2003;

    (e)    for the NEMI, the amount of $767.73 comprised of:

        (i)    $561.60 in delinquent monthly contributions estimated for the period July 2000 through April 2003;

        (ii)    $93.81 in interest accrued through June 15, 2003 on monthly contributions estimated to be owed for the period July 2000 through April 2003;

        (iii)    $112.32 in liquidated damages for the period July 2000 through April 2003;

6.    Judgment by default is entered in favor of the National Funds against Individual Defendant in the amount of $43,432.22; comprised of:

    (a)    For the NPF, the amount of $41,937.53 comprised of:

        (i)    $33,330.00 in delinquent monthly contributions estimated for the period June 2002 through April 2003;

        (ii)    $1,941.53 in interest accrued through June 15, 2003 on monthly contributions estimated to be owed for the period June 2002 through April 2003; and

        (iii)    $6,666.00 in liquidated damages for the period June 2002 through April 2003.

    (b)    for the ITI, the amount of $996.54 comprised of:

    (i)    $792.00 in delinquent monthly contributions estimated for the period June 2002 through April 2003;

    (ii)    $46.14 in interest accrued through June 15, 2003 on monthly contributions estimated to be owed for the period June 2002 through April 2003;

    (iii)    $158.40 in liquidated damages for the period June 2002 through April 2003;

(c)    for the SMOHI, the amount of $166.09 comprised of:

    (i)    $132.00 in delinquent monthly contributions estimated for the period June 2002 through April 2003;

    (ii)    $7.69 in interest accrued through June 15, 2003 on monthly contributions estimated to be owed for the period June 2002 through April 2003;

    (iii)    $26.40 in liquidated damages for the period June 2002 through April 2003;

(d)    for the SMWIASF, the amount of $83.05 comprised of:

    (i)    $66.00 in delinquent monthly contributions estimated for the period August 2001 through April 2003;

    (ii)    $3.85 in interest accrued through June 15, 2003 on monthly contributions estimated to be owed for the period June 2002 through April 2003;

    (iii)    $13.20 in liquidated damages for the period June 2002 through April 2003;

(e)    for the NEMI, the amount of $249.12 comprised of:

      (i)    $198.00 in delinquent monthly contributions estimated for the period August 2001 through April 2003;

      (ii)    $11.52 in interest accrued through June 15, 2003 on monthly contributions estimated to be owed for the period June 2002 through April 2003;

      (iii)    $39.60 in liquidated damages for the period June 2002 through April 2003;

7. Judgment by default is entered in favor of the National Funds against Defendants, jointly and severally in the amount of $5,627.83; comprised of:

      (a)    attorneys' fees of $5,326.39 incurred from July 27, 2002 through June 10, 2003; and

      (b)    attorneys' costs of $391.44 incurred from July 27, 2002 through June 10, 2003.

8. Within twenty (20) days of the entry of this Order, Defendants shall fully and accurately complete and submit to the Funds any and all then outstanding remittance reports with all required information including the name and social security number of each employee, the hours worked, wages paid and contributions owed for that month together with a check for the full amount of the contributions owed.

9. Defendants shall jointly and severally pay to the National Funds additional interest at twelve percent (12%) per year, in accordance with the Funds' governing documents, on the amount of any delinquent monthly contributions awarded in this Order or hereafter due them, including any additional contributions due for the period July 2000 through April 2003, from the date the contribution was due through the date payment is finally made.

113228-4

6

10. Defendants shall jointly and severally pay to the SASMI Trust Fund additional interest calculated at the rates provided for under 26 U.S.C. §6621, as from time to time amended, on the amount of any delinquent monthly contributions awarded in this Order or hereafter due them, including any additional contributions due for the period from the date the contribution was due through the date payment is finally made.

11. BB Sign shall pay to the National Funds additional liquidated damages equal to twenty percent (20%) of the amount of any additional delinquent contributions due them for the period July 2000 through April 2003, and for any month thereafter.

12. Individual Defendant shall pay to the National Funds additional liquidated damages equal to twenty percent (20%) of the amount of any additional delinquent contributions due them for the period June 2002 through April 2003, and for any month thereafter.

13. Defendants shall jointly and severally pay to the SASMI Trust Fund additional liquidated damages equal to twenty percent (20%) (or such other amount as prescribed under the SASMI Trust Fund's Rules and Regulations) of the amount of any additional delinquent contributions for the period July 2000 through April 2003 and for any month thereafter.

14. Defendants shall submit to an audit of its wage, payroll, and personnel records for all periods for which Defendants are obligated to contribute to the Funds within twenty (20) days of the date this Order becomes final, and Defendants shall jointly and severally pay all contributions, interest, and liquidated damages determined from such audit to be due, as well as the costs of such audit.

15. Defendants shall jointly and severally pay to the Funds any additional reasonable attorneys' fees and costs incurred thereafter in connection with this case to enforce and collect this

judgment. If any such further action by the Funds is required, they may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in Paragraphs 4 through 7 above. See Free v. Briody, 793 F.2d 807 (7th Cir.1986).

16. Because of Defendants' persistent failure to meet their reporting and payment obligations to the Funds under the terms of the collective bargaining agreements, Defendants their officers, agents, servants, employees, attorneys, and all persons acting on its behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which Defendants are obligated to do so under the current and any future collective bargaining agreement(s) to which they are bound.

17. If Defendants fail to comply with any of the terms of this Order, the Funds may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Defendants, and may at that time ask for further appropriate monetary and/or injunctive relief.

18. This Default Judgment and Order is enforceable by the Funds individually, singly or jointly, or by their agent.

BY THE COURT

_10/15/03_
Date

JAMES C. CACHERIS, J.
United States District Judge

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
DEPUTY CLERK

113228-4                                        8