UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



NATIONAL STABILIZATION AGREEMENT
OF SHEET METAL INDUSTRY
TRUST FUND, SHEET METAL INDUSTRY
TRUST FUND, SHEET METAL WORKERS'
NATIONAL PENSION FUND, INTERNATIONAL
TRAINING INSTITUTE FOR THE SHEET
METAL AND AIR CONDITIONAL INDUSTRY,
SHEET METAL WORKERS' INTERNATIONAL
ASSOCIATION SCHOLARSHIP FUND,
NATIONAL ENERGY MANAGEMENT
INSTITUTE COMMITTEE, SHEET METAL
OCCUPATIONAL HEALTH TRUST FUND
        Plaintiffs

    v.                                  M.P. No. 04 MBD 10058

BB SIGN CO., INC.
a/k/a B B SIGN CO., INC.
d/b/a DIVISION 10 SPECIALTIES, INC.
a/k/a DIVISION 10 SPECIALTIES, et al.
        Defendants

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO ADJUDGE DEFENDANT IN CONTEMPT OR, IN THE ALTERNATIVE, TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS AND ATTENDANCE AT DEPOSITION

Pursuant to Fed. R. Civ. P. 45, Plaintiffs have moved this Court for an Order

finding Defendant BB Sign Co., Inc. ("BB Sign") in contempt for failing to produce any

and all documents responsive to the subpoena *duces tecum* served upon it on March 22,

2004 ("Subpoena") and for failing to appear at its 30(b)(6) deposition pursuant to that

certain Notice to Take Deposition mailed on March 19, 2004 ("Notice"). A copy of the

Subpoena and the Notice are attached hereto as *Exhibit A* and *Exhibit B*, respectively. In

the alternative, Plaintiffs have moved this Court for an Order compelling BB Sign to

produce all of the aforementioned documents within ten (10) days of the issuance of a

Court Order granting such relief and to appear at a deposition within ten (10) days

thereof. To date, BB Sign has failed to file an objection, proffer any excuse for its

noncompliance with the subpoena and/or its failure to appear, and has apparently failed to

retain counsel in connection with the present matter. Because the documents requested,

and deposition noticed, are relevant to Plaintiffs' post-judgment discovery, the documents

should be produced forthwith and attendance at a deposition compelled.

## **BACKGROUND**

A. United States District Court for the Eastern District of Virginia

W. Edwin Raws ("Raws") and/or BB Sign entered into a series of collective

bargaining agreements with Sheet Metal Workers' International Association Local Union

No. 17, effective August 1, 1997, and continuing in effect through July 31, 2005, and

continuing thereafter from year to year until lawfully terminated (referred to collectively

as "the CBAs").

In 2002, Plaintiffs filed suit against Defendant W. Edwin Raws d/b/a Division 10

Specialties d/b/a B B Sign Company in the United States District Court for the Eastern

District of Virginia ("Virginia Court") seeking, *inter alia,* to recover delinquent trust fund

contributions and interest pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2)

and the CBAs.

On August 26, 2002, Plaintiffs obtained a default judgment against Defendant W.

Edwin Raws d/b/a Division 10 Specialties d/b/a B B Sign Company in the principal

amount of $73,308.46 (the "Judgment"). Plaintiffs subsequently obtained a certification

pursuant to 28 U.S.C. §1963 for registration of the Judgment in the United States District Court for the District of Massachusetts.

On October 15, 2003, Plaintiffs obtained a Default Judgment and Order against Defendant BB Sign Co., Inc. a/k/a B B Sign Co., Inc. d/b/a Division 10 Specialties, Inc. a/k/a Division 10 Specialties in the principal amount of $160, 873.28 and against W. Edwin Raws, individually and d/b/a Division 10 Specialties, Inc. a/k/a Division 10 Specialties in the principal amount of $81,259.84 (collectively, the "Judgment"). A copy of the Judgment is attached hereto as *Exhibit C*. Plaintiffs subsequently obtained a certification pursuant to 28 U.S.C. §1963 for registration of the Judgment in the United States District Court for the District of Massachusetts. A copy of the Certification of Judgment is attached hereto as *Exhibit D*.

B. United States District Court for the District of Massachusetts

In or about February 2004, Plaintiffs, through their counsel, entered an appearance and registered the Judgment in this Court. On March 22, 2004, Plaintiffs served the Subpoena upon BB Sign commanding it to appear for a 30(b)(6) deposition as noticed on or about March 19, 2004 and for the designated representative of BB Sign to bring with them those documents listed in the Subpoena. No objections to the subpoena were served and no motion to quash was filed before the date on which the deposition was to be taken. *See* Fed. R. Civ. P. 45(c)(2) (requiring written objections to be served within fourteen (14) days after service of a subpoena). On April 16, 2004, Plaintiffs, through their counsel, appeared at the time and place listed on the 30(b)(6) deposition Notice. After waiting a reasonable period of time, plaintiff's counsel noted on the record that BB Sign had failed to appear at the deposition, and that Plaintiffs would seek an

appropriate remedy in this Court. *See* Transcript of Deposition ("Transcript"), pp.4-5. A copy of the Transcript is attached hereto as *Exhibit E.*

By way of letter dated April 23, 2004, Plaintiffs asked BB Sign to participate in a discovery conference in order to resolve and/or narrow the parties' discovery dispute (i.e., BB Sign's apparent refusal to produce the requested documents and to appear at its noticed deposition). *See* Letter dated April 23, 2004 ("Conference Letter"). A copy of the Conference Letter is attached hereto as *Exhibit F.* BB Sign failed to respond in any way to the Conference Letter. To date, more than three months after service of the Subpoena and Notice, BB Sign has failed to produce any documents responsive thereto, has failed to appear at its deposition, and has ignored Plaintiffs' counsels' attempts to confer on these matters.

## ARGUMENT

**A.    Having failed to provide Plaintiffs with the Documents requested in the Subpoena, and having failed to appear at its deposition, BB Sign should be held in contempt until it produces the requested documents and attends its deposition.**

If a litigant fails to comply with a request for discovery, the court may issue an order directing compliance that is enforceable by the court's contempt powers. *See* Fed. R. Civ. P. 45(e)[1]; *See, e.g, Gemco Latinoamerica, Inc. v. Seiko Time Corp.*, 61 F.3d 94, 98 (1st Cir. 1995). In the instant matter, BB Sign received a Court Order in the form of a deposition subpoena *duces tecum* commanding it to appear and produce certain documents listed thereon. BB Sign has not filed a motion to quash or modify the

---

[1] Rule 45(e) of the Federal Rules of Civil Procedure provides:

> (e) Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.

subpoena pursuant to Fed. R. Civ. P. 45(b), nor has it filed any written objections, timely

or otherwise, to producing the documents or appearing at the deposition. BB Sign seems

to have completely ignored both the Subpoena and the Notice.  Consequently, BB Sign

should be held in contempt until it appears for a deposition and produces the required

documents.

**B.      Having provided no objection to the Subpoena and Notice served upon it, BB Sign should be compelled to produce documents responsive to Plaintiffs' Request for Documents and to appear at its deposition.**

Rule 45(a)(1)(C) of the Federal Rules of Civil Procedure provides that a subpoena

issued thereunder shall:

> command each person to whom it is directed to attend and
> give testimony or to produce and permit inspection and
> copying of designated books, documents or tangible things
> in the possession, custody or control of that person . . .

Fed. R. Civ. P. 45(a)(1)(C).  The instant motion addresses BB Sign's failure to appear

and failure to respond to Plaintiffs' request for documents.

BB Sign has failed to file objections, timely or otherwise, to Plaintiffs' document

request and Notice.  *See* Fed. R. Civ. P. 45(c)(2) (requiring most written objections to be

served within fourteen (14) days after service of the subpoena). BB Sign's failure to serve

and file such objections within the time prescribed constitutes a waiver thereof.  *See, e.g.,*

*Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (stating that "[i]f a party fails

to file *timely* objections to document requests, such a failure constitutes a waiver of any

objections which a party might have to the requests.").  Consequently, BB Sign should be

compelled to produce, within ten days of this Court entering an appropriate Order, all

documents responsive to Plaintiffs' Subpoena and be compelled to attend, again within

ten days, its Rule 30(b)(6) deposition.

## CONCLUSION

For the reasons set forth herein, Plaintiffs request an Order adjudging BB Sign in contempt for failing to produce documents responsive to Plaintiffs' Subpoena and for failing to appear at its deposition, or, in the alternative, compelling BB Sign to produce the aforementioned documents and to appear for a 30(b)(6) deposition within ten (10) days of the issuance of an appropriate Order from this Court.

Respectfully submitted,
PLAINTIFFS

By their Attorneys,

Richard L. Gemma BBO #553880
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700
(401) 454-8755 (Fax)
Dated: _____ 6/4/04.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June 2004, I delivered a copy of the within by regular mail, postage prepaid, to Defendant BB Sign Co., Inc. at 121 Liberty Street, Quincy, MA 02169.

G:\Sheet Metal Workers\Raws, W. Edwin\Pleadings\Memo ISO Mot for Contempt 060204.doc