UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NATIONAL STABILIZATION AGREEMENT
OF SHEET METAL INDUSTRY
TRUST FUND, SHEET METAL WORKERS'
NATIONAL PENSION FUND, INTERNATIONAL
TRAINING INSTITUTE FOR THE SHEET
METAL AND AIR CONDITIONING INDUSTRY,
SHEET METAL WORKERS' INTERNATIONAL
ASSOCIATION SCHOLARSHIP FUND,
NATIONAL ENERGY MANAGEMENT
INSTITUTE COMMITTEE, SHEET METAL
OCCUPATIONAL HEALTH TRUST FUND

        **Plaintiffs**

     v.                     M.P. No. 04 MBD 10058

BB SIGN CO., INC.
a/k/a BB SIGN CO., INC.
d/b/a DIVISION 10 SPECIALTIES, INC.
a/k/a DIVISION 10 SPECIALTIES, et al.

        **Defendants**

## PLAINTIFFS' MOTION FOR ISSUANCE OF
## TEMPORARY RESTRAINING ORDER AND MANDATORY INJUNCTION

Plaintiffs, the Board of Trustees of Sheet Metal Workers' National Pension Fund, et al move this Court for the issuance of a Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining and restraining South Shore Savings Bank ("Bank") from alienating the amount of $22,156.34, check number 1788, previously transferred to this Court in accordance with the Writ of Trustee Execution served upon the Bank and attached hereto as Exhibit 1. Plaintiffs request that

Bank be ordered by this Court to deposit the sum of $22,156.34 into the registry of the Court until a hearing may be had regarding the disposition of the money.

As grounds therefore, Plaintiffs respectfully submit that immediate and irreparable injury, loss and damages will result to Plaintiffs before the Bank or Defendants can be heard in opposition unless such order is issued.

### Basis for the Motion

1. The Writ of Trustee Execution issued by this Court compelled the Bank to release the funds, monies and other assets of BB Sign Co. Inc., a/k/a BB Sign Co., Inc. d/b/a Division 10 Specialties, Inc. a/k/a Division 10 Specialties and W. Edwin Raws, individually and d/b/a Division 10 Specialties, Inc., a/k/a Division 10 Specialties to satisfy judgment entered on the 15th day of October, 2003, for the sum of $204,305.50, including pre-judgment interest, liquidated damages, attorneys' fees and costs of suit. *See* Judgment and Certification registered by this Court attached hereto as Exhibit 2.

2. A Writ of Trustee Execution was served on the Bank on September 7, 2004 by hand and was returned unsatisfied. *See* Proof of Service attached hereto as Exhibit 3.

3. By letter dated October 14, 2004, counsel for Plaintiffs, the firm of MacAdams & Wieck, Inc. ("M&W"), received notification from the Bank that it had discovered there were in fact funds in the account at the time of service and that the Bank had

2

forwarded to this Court check number 1788 in the amount of $22,156.34 payable to Plaintiffs. *See* Bank Letter attached hereto as Exhibit 4.

4. On or about October 19, 2004, M&W received check number 1788 from this Court.

5. By letter dated October 22, 2004, faxed to M&W, counsel for Bank informed Plaintiffs' counsel that "a serious question [had] arisen whether those funds [were] the funds of any defendant in [the] action." Counsel for the Bank requested that the check be placed in escrow by Plaintiffs. *See* October 22 Letter from Bank Counsel attached hereto as Exhibit 5.

6. By letter dated October 25, 2004, faxed to M&W, counsel for Bank gave notification that Bank had wrongfully and unilaterally elected to stop payment on check number 1788. *See* October 25 Letter from Bank Counsel attached hereto as Exhibit 6.

7. Upon information and belief, after the 2003 judgment was entered, Defendant W. Edwin Raws caused Defendant Division 10 Specialties, Inc. to wrongfully transfer the assets of Defendant corporations to a new entity by the name of Austin Operations, d/b/a Division 10 Specialties which is being operated by a former employee of Defendant. *See* Corporate Records from Secretary of the Commonwealth attached hereto as Exhibit 7.

8. John F. Bohan, Jr., a former employee of Defendant, is named as an officer and director of Austin Operations, Inc. *See id.* and Correspondence from J. Bohan dated July 19, 2004 attached hereto as Exhibit 8.

9. On March 22, 2004, Plaintiffs served a subpoena on Defendant commanding the person with most knowledge concerning matters identified in the Exhibit to appear and testify at deposition. The subpoena commanded, *inter alia*, the production of: "All documents relating to a transfer of an interest occurring at any time since January 1, 2000 in any real estate or property belonging to any entity partnership, corporation trust or the like in which Defendants had an interest, direct or indirect, including without limitation, BB Sign Company. Inc." *See* Subpoena attached hereto as Exhibit 9.

10. Because Defendant failed to respond or comply with the subpoena, Plaintiffs moved to adjudge Defendant in contempt, or in the alternative, to compel Defendant's production of documents and attendance at deposition. Plaintiffs' motion was granted. *See* Motion attached hereto as Exhibit 10.

11. However, Defendant ignored the Order issued by this Court on June 28, 2004 compelling Defendant to produce documents responsive to the subpoena *duces tecum* and to designate a person to appear and testify on its behalf at a deposition noticed by Plaintiffs. *See* Order attached hereto as Exhibit 11.

12. In defiance of this Court's Order, Defendant, to this day, has refused to disclose any documents, including those that evidence the transfer of assets to a former employee.

13. Upon information and belief, Austin Operations, d/b/a Division 10 Specialties is an alter ego of Defendant corporation in the above captioned matter, and/or an entity, to which the assets of Defendant corporation were fraudulently transferred.

14. Plaintiffs noticed the deposition of John F. Bohan, Jr., president of Austin Operations for July 20, 2004, *see* Notice of Deposition attached hereto as Exhibit 12. Plaintiffs also issued a subpoena *duces tecum* commanding the production of documents by John F. Bohan Jr. *See* Subpoena attached hereto as Exhibit 13.

15. Mr. Bohan, President of Austin Operations, unilaterally postponed the deposition. *See* Exhibit 8. By agreement of the parties, a deposition for September 28, 2004 was scheduled. *See* Amended Notice of Deposition attached hereto as Exhibit 14.

16. Mr. Bohan, President of Austin Operations, failed to appear for the September 28 deposition or produce the requested documents. *See* Transcript attached hereto as Exhibit 15. The deposition was again rescheduled for October 1, 2004 at the offices of M&W. Again Mr. Bohan failed to appear or produce documents in compliance with the subpoena. *See* Transcript attached hereto as Exhibit 16.

17. It is abundantly clear from the evidence that Defendant has sought to avoid satisfying the judgment by fraudulently transferring the funds to a sham account and ignoring subpoenas and its obligations under this Court's orders. Therefore, Plaintiffs will suffer immediate and irreparable harm if the funds are not immediately deposited in the Court registry.

WHEREFORE, Plaintiffs respectfully request:

A. Bank and its personal representatives, successors, assigns, agents, servants, employees and attorneys be temporarily restrained and enjoined from alienating the amount of $22,156.34;

B. Bank be ordered to immediately deposit the sum of $22,156.34 into the registry of this Court until, upon hearing, an Order issues from this Court releasing the funds to the rightful party;

C. Plaintiffs be awarded their attorneys' fees and costs of this action; and

D. Plaintiffs be awarded such other and further relief as the Court deems equitable and just in the circumstances.

PLAINTIFFS
By their Attorneys,

*/s/ Maurene Souza*

Richard L. Gemma BBO #553880
Maurene Souza BBO #650429
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700
(401) 454-8755 (Fax)
Dated: 11/2/04

6

## CERTIFICATION

I hereby certify that a copy of the within was mailed to James W. Campbell, at Norris & Campbell, 175 Derby St., Suite 27, Hingham, MA 02043, William Edwin Raws, 58 Captain Pierce Road, Scituate, MA 02066, Joseph Rondeau, Esq., Edwards Professional Building, 927 Temple St., Whitman, MA 02382, BB Sign, 121 Liberty St., Quincy, MA 02169, and John F. Bohan Jr., Austin Operations, 811 Washington Street, Unit #7, Pembroke, MA 02359 by regular mail, postage prepaid, November 2, 2004.

*/s/ Valerie J. Burns*

G:\Sheet Metal Workers\Raws, W. Edwin\Pleadings 04 mbd 10058\Motion TRO 102904.doc