UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NATIONAL STABILIZATION AGREEMENT
OF SHEET METAL INDUSTRY
TRUST FUND, SHEET METAL INDUSTRY
TRUST FUND, SHEET METAL WORKERS'
NATIONAL PENSION FUND, INTERNATIONAL
TRAINING INSTITUTE FOR THE SHEET
METAL AND AIR CONDITIONAL INDUSTRY,
SHEET METAL WORKERS' INTERNATIONAL
ASSOCIATION SCHOLARSHIP FUND,
NATIONAL ENERGY MANAGEMENT
INSTITUTE COMMITTEE, SHEET METAL
OCCUPATIONAL HEALTH TRUST FUND,
BB SIGN CO., INC. a/k/a BB SIGN CO., Inc.
d/b/a DIVISION 10 SPECIALTIES, INC. a/k/a
DIVISION 10 SPECIALTIES
    Plaintiffs

v.                                            M.P. No. 04 MBD 10058

BB SIGN CO., INC.
a/k/a B B SIGN CO., INC.
d/b/a DIVISION 10 SPECIALTIES, INC.
a/k/a DIVISION 10 SPECIALTIES, et al.
    Defendants

## NOTICE TO TAKE DEPOSITION

DEPONENT: **JOHN F. BOHAN, JR., President, Austin Operations, Inc., of 121 Liberty Street, Quincy, Massachusetts 02169**

DATE AND TIME OF TAKING: **July 20, 2004, at 1:00 p.m.**

TO:    Legalink                                John F. Bohan, Jr., President
        320 Congress St., 4th Floor      Austin Operations, Inc.
        Boston, MA 02210              121 Liberty Street
                                                  Quincy, MA 02169

       Please take notice that pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs, by and through their attorney, Richard L. Gemma, will take testimony on oral examination of the above-named deponent, at the date and time herein above referred to, before a Notary Public of the Commonwealth of Massachusetts or some other duly qualified person and thereafter from day to day as the taking of the deposition may be

adjourned, at the offices of **Shechtman Halperin & Savage, LLP, 352 Newbury Street, Boston, Massachusetts 02115**, at which time and place you are notified to appear and take such part in the examination as you may be advised and as shall be fit and proper. Notice is hereby given pursuant to Rule 30 of the Federal Rules of Civil Procedure that the deposition will be recorded by stenographic means. **Deponent is to bring those documents and things referred to on Exhibit A attached hereto.**

>Plaintiffs,
>National Stabilization Agreement of Sheet
>Metal Industry Trust Fund, et al.
>
>By its attorneys,
>
>_____
>Richard L. Gemma, Esq. #553880
>MacAdams & Wieck Incorporated
>101 Dyer Street, Suite 400
>Providence, RI 02903
>Phone: (401) 454-8700
>Fax: (401) 454-8755
>Dated: 7/8/04

Copies of the within Notice were mailed to the above on July 6, 2004.

_____

G:\Sheet Metal Workers\Raws, W. Edwin\Pleadings\Notice of Deposition 070104 (Bohan).doc

2

## EXHIBIT A

1. All bank statements and statements of account dated at any time from on or about January 1, 2003 through the present relating to all cash, deposits, certificates of deposit, stocks, bonds, checking accounts, savings accounts and the like maintained by BB Sign Co. Inc. a/k/a B B Sign Co. Inc. d/b/a Division 10 Specialties, Inc. a/k/a Division 10 Specialties, W. Edwin Raws ("Raws") and/or Raws d/b/a Division 10 Specialties (collectively, at times, "Defendants"), individually or jointly.

2. All certificates of title and/or purchase, bills of sale, purchase and sale receipts, inventories, and appraisals reflecting the value and present location of the assets outlined below owned by Defendants, individually or jointly, at any time from on or about January 1, 2003 to the present:

    (a) all automobiles, cars, trucks, or the like;
    (b) all insurance policies; and
    (c) furniture, inventory, equipment, fixtures, computers or the like.

3. All accounts receivable including, without limitation the names and addresses of customers of Defendants including their names, addresses and amounts owed, notes receivable, partnerships, trusts, stocks, investments, leases, options, development rights, patents, licenses, goodwill and other assets, tangible or intangible owned by Defendants, individually or jointly, at any time from January 1, 2003 through the present. (All of the assets and tangible and intangible interests enumerated in Paragraphs No. 1, No. 2(a) through (c) and No. 3 above shall hereafter be collectively referred to as the "Property").

4. All financial statements relating to any of Defendants or their Property and/or liabilities.

5. All Assets Purchase Agreements, Stock Purchase Agreements, letters of understanding, agreements, correspondence, documents and/or writings relating to sale of any of Defendants' Property to Austin Operations, Inc.

6. All bills of sale, instruments of transfer, documents and/or writings relating to the purchase, sale, transfer, and/or conveyance of any of Defendants' Property to Austin Operations, Inc.

7. All cancelled checks, payment stubs, receipts, documents and/or writings relating to the monies and/or consideration paid by and/or on behalf of Austin Operations, Inc. in connection with the purchase, sale, transfer and/or conveyance of any of Defendants' Property.