UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NATIONAL STABILIZATION AGREEMENT
OF SHEET METAL INDUSTRY
TRUST FUND, SHEET METAL INDUSTRY
TRUST FUND, SHEET METAL WORKERS'
NATIONAL PENSION FUND, INTERNATIONAL
TRAINING INSTITUTE FOR THE SHEET
METAL AND AIR CONDITIONAL INDUSTRY,
SHEET METAL WORKERS' INTERNATIONAL
ASSOCIATION SCHOLARSHIP FUND,
NATIONAL ENERGY MANAGEMENT
INSTITUTE COMMITTEE, SHEET METAL
OCCUPATIONAL HEALTH TRUST FUND,
BB SIGN CO., INC. a/k/a BB SIGN CO., Inc.
d/b/a DIVISION 10 SPECIALTIES, INC. a/k/a
DIVISION 10 SPECIALTIES
      Plaintiffs

v.                                                                                  M.P. No. 04 MBD 10058

BB SIGN CO., INC.
a/k/a B B SIGN CO., INC.
d/b/a DIVISION 10 SPECIALTIES, INC.
a/k/a DIVISION 10 SPECIALTIES, et al.
      Defendants

## AMENDED NOTICE TO TAKE DEPOSITION

DEPONENT: **JOHN F. BOHAN, JR., President, Austin Operations, Inc., of 121 Liberty Street, Quincy, Massachusetts 02169**

DATE AND TIME OF TAKING: **September 28, 2004, at 11:00 a.m.**

TO:    Legalink                                  Joseph Rondeau, Esq.
        320 Congress St., 4th Floor        Edwards Professional Building
        Boston, MA 02210                   927 Temple Street
                                                       Whitman, MA 02382

       Please take notice that pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs, by and through their attorney, Richard L. Gemma, will take testimony on oral examination of the above-named deponent, at the date and time herein above referred to, before a Notary Public of the Commonwealth of Massachusetts or some other duly qualified person and thereafter from day to day as the taking of the deposition may be

adjourned, at the offices of **Shechtman Halperin & Savage, LLP, 352 Newbury Street, Boston, Massachusetts 02115**, at which time and place you are notified to appear and take such part in the examination as you may be advised and as shall be fit and proper. Notice is hereby given pursuant to Rule 30 of the Federal Rules of Civil Procedure that the deposition will be recorded by stenographic means. **Deponent is to bring those documents and things referred to on Exhibit A attached hereto.**

          Plaintiffs,
          National Stabilization Agreement of Sheet
          Metal Industry Trust Fund, et al.

          By its attorneys,

          Richard L. Gemma, Esq. #553880
          MacAdams & Wieck Incorporated
          101 Dyer Street, Suite 400
          Providence, RI 02903
          Phone: (401) 454-8700
          Fax: (401) 454-8755
          Dated: 8/13/04

Copies of the within Notice were mailed to the above on August 13, 2004.

          Michelle B. Daugherty

G:\Sheet Metal Workers\Raws, W. Edwin\Pleadings\Notice of Deposition 070104 (Bohan).doc

## EXHIBIT A

1. All bank statements and statements of account dated at any time from on or about January 1, 2003 through the present relating to all cash, deposits, certificates of deposit, stocks, bonds, checking accounts, savings accounts and the like maintained by BB Sign Co. Inc. a/k/a B B Sign Co. Inc. d/b/a Division 10 Specialties, Inc. a/k/a Division 10 Specialties, W. Edwin Raws ("Raws") and/or Raws d/b/a Division 10 Specialties (collectively, at times, "Defendants"), individually or jointly.

2. All certificates of title and/or purchase, bills of sale, purchase and sale receipts, inventories, and appraisals reflecting the value and present location of the assets outlined below owned by Defendants, individually or jointly, at any time from on or about January 1, 2003 to the present:

   (a) all automobiles, cars, trucks, or the like;
   (b) all insurance policies; and
   (c) furniture, inventory, equipment, fixtures, computers or the like.

3. All accounts receivable including, without limitation the names and addresses of customers of Defendants including their names, addresses and amounts owed, notes receivable, partnerships, trusts, stocks, investments, leases, options, development rights, patents, licenses, goodwill and other assets, tangible or intangible owned by Defendants, individually or jointly, at any time from January 1, 2003 through the present. (All of the assets and tangible and intangible interests enumerated in Paragraphs No. 1, No. 2(a) through (c) and No. 3 above shall hereafter be collectively referred to as the "Property").

4. All financial statements relating to any of Defendants or their Property and/or liabilities.

5. All Assets Purchase Agreements, Stock Purchase Agreements, letters of understanding, agreements, correspondence, documents and/or writings relating to sale of any of Defendants' Property to Austin Operations, Inc.

6. All bills of sale, instruments of transfer, documents and/or writings relating to the purchase, sale, transfer, and/or conveyance of any of Defendants' Property to Austin Operations, Inc.

7. All cancelled checks, payment stubs, receipts, documents and/or writings relating to the monies and/or consideration paid by and/or on behalf of Austin Operations, Inc. in connection with the purchase, sale, transfer and/or conveyance of any of Defendants' Property.

AO 88 (Rev. 1/94) Subpoena in a Civil C

# Issued by the
## UNITED STATES DISTRICT COURT

National Stabilization Agreement of
Sheet Metal Industry Trust Fund,
et als.

DISTRICT OF _____ Massachusetts

V.

## SUBPOENA IN A CIVIL CASE

BB Sign Co., Inc. a/k/a BB Sign Co., Inc.
d/b/a Division 10 Specialties, Inc.
a/k/a Division 10 Specialties, et al.

CASE NUMBER:[1] M.P. No. 04 MBD 10058

TO: John F. Bohan, Jr., President, Austin Operations, Inc., of
121 Liberty Street, Quincy, Massachusetts 02169

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Shechtman Halperin & Savage, LLP<br>352 Newbury Street, Boston, MA 02115 | July 20, 2004<br>1:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT A ATTACHED HERETO

| PLACE | DATE AND TIME |
|---|---|
| Shechtman Halperin & Savage, LLP<br>352 Newbury Street, Boston, MA 02115 | July 20, 2004<br>1:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 7/2/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Richard L. Gemma, Esq. (553880)    Phone No: 404-454-8700

## PROOF OF SERVICE

DATE: JULY 7, 2004
PLACE: 811 WASHINGTON ST. PEMB(
MA. #7,

SERVED: JOHN F. BOGAN, JR. PRES.
SERVED ON (PRINT NAME)

MANNER OF SERVICE: IN hAND

SERVED BY (PRINT NAME): FRED W. MACDONALD

TITLE: CONSTABLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on JULY 7, 2004
DATE

SIGNATURE OF SERVER: Fred W. MacDonald

ADDRESS OF SERVER: P.O. Box 151 Roslindale

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(i of this rule, such a person may in order to attend trial be commanded travel from any such place within the state in which the trial is held, o

(iii) requires disclosure of privileged or other protecte matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or othe confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion o information not describing specific events or occurrences in disput and resulting from the expert's study made not at the request of an party, or

(iii) requires a person who is not a party or an officer of party to incur substantial expense to travel more than 100 miles t attend trial, the court may, to protect a person subject to or affecte by the subpoena, quash, or modify the subpoena, or, if the party i whose behalf the subpoena is issued shows a substantial need for th testimony or material that cannot be otherwise met without undu hardship and assures that the person to whom the subpoena i addressed will be reasonably compensated, the court may orde appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents sha produce them as they are kept in the usual course of business or shal organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a clain that it is privileged or subject to protection as trial preparatior materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party tc contest the claim.

## EXHIBIT A

1. All bank statements and statements of account dated at any time from on or about January 1, 2003 through the present relating to all cash, deposits, certificates of deposit, stocks, bonds, checking accounts, savings accounts and the like maintained by BB Sign Co. Inc. a/k/a B B Sign Co. Inc. d/b/a Division 10 Specialties, Inc. a/k/a Division 10 Specialties, W. Edwin Raws ("Raws") and/or Raws d/b/a Division 10 Specialties (collectively, at times, "Defendants"), individually or jointly.

2. All certificates of title and/or purchase, bills of sale, purchase and sale receipts, inventories, and appraisals reflecting the value and present location of the assets outlined below owned by Defendants, individually or jointly, at any time from on or about January 1, 2003 to the present:

   (a) all automobiles, cars, trucks, or the like;
   (b) all insurance policies; and
   (c) furniture, inventory, equipment, fixtures, computers or the like.

3. All accounts receivable including, without limitation the names and addresses of customers of Defendants including their names, addresses and amounts owed, notes receivable, partnerships, trusts, stocks, investments, leases, options, development rights, patents, licenses, goodwill and other assets, tangible or intangible owned by Defendants, individually or jointly, at any time from January 1, 2003 through the present. (All of the assets and tangible and intangible interests enumerated in Paragraphs No. 1, No. 2(a) through (c) and No. 3 above shall hereafter be collectively referred to as the "Property").

4. All financial statements relating to any of Defendants or their Property and/or liabilities.

5. All Assets Purchase Agreements, Stock Purchase Agreements, letters of understanding, agreements, correspondence, documents and/or writings relating to sale of any of Defendants' Property to Austin Operations, Inc.

6. All bills of sale, instruments of transfer, documents and/or writings relating to the purchase, sale, transfer, and/or conveyance of any of Defendants' Property to Austin Operations, Inc.

7. All cancelled checks, payment stubs, receipts, documents and/or writings relating to the monies and/or consideration paid by and/or on behalf of Austin Operations, Inc. in connection with the purchase, sale, transfer and/or conveyance of any of Defendants' Property.